

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 18, 2023

**BY ECF**
The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Victor Rivera Quinones*, 21 Cr. 797 (GHW)

Dear Judge Woods:

    The Government respectfully submits this letter in advance of the April 25, 2023, sentencing of defendant Victor Rivera Quinones in the above-referenced matter. For the reasons set forth below, the Government submits that a sentence of imprisonment within the applicable United States Sentencing Guidelines range of 70 to 87 months' imprisonment would be sufficient, but not greater than necessary, to serve the purposes of sentencing.

**I.**    **Background**

    In November 2021, the defendant conspired with others to distribute cocaine that had been shipped by UPS from Puerto Rico, concealed inside of furniture, and was destined for the Bronx. After the package arrived at JFK Airport, it was identified as suspicious by UPS security and then was seized by federal agents, who determined the package contained approximately 9 kilograms of cocaine. The agents then conducted an undercover, controlled delivery of the package to identify the conspirators responsible for receiving the package.

    The controlled delivery was conducted at an apartment in the Bronx on November 24, 2021. The Rivera Quinones's co-defendant, Edwin Walker signed for the package and was arrested. Walker quickly acknowledged to agents that he knew he was receiving drugs in the mail and told the agents that he was supposed to hand off the cocaine to someone else. That person was the defendant. Walker called the defendant on a number that a third co-conspirator ("CC-1") had given to Walker, and the defendant came to Walker's apartment to pick up the cocaine-filled package.

    After the defendant arrived at Walker's apartment building, Walker handed off the box to the defendant, and law enforcement agents identified themselves. The defendant dropped the box and ran. Agents caught up with him, and the defendant was arrested.

## II.     The Guilty Plea and the Guidelines Calculation

In December 2021 the defendant was indicted and charged in one count with conspiring to traffic more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).. In January 2023 he pleaded guilty, pursuant to a plea agreement, to the lesser-included offense of conspiring to traffic mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The plea agreement contained a Guidelines stipulation that the defendant is at offense level 27 and criminal history category II, leading to a stipulated Guidelines range of 78 to 97 months' imprisonment.

The PSR's calculation of the defendant's Guidelines range matches the stipulated range in the plea agreement. Based on the defendant's role in the current offense and his prior criminal history, the Probation Office recommends a sentence of 78 months' imprisonment.

## III.     Discussion

The Government respectfully submits that given the nature and circumstances of the offense, the defendant's criminal history, and the need for the sentence imposed to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, a sentence of imprisonment within the applicable Guidelines range of 78 to 97 months' imprisonment, would be sufficient, but not greater than necessary, to serve the purposes of sentencing in this case.

The defendant conspired with multiple others to traffic more than nine kilograms of cocaine into New York City. The nine kilograms for which the defendant is being held accountable represent only a part of the cocaine trafficking in which the conspiracy was engaged, and Edwin Walker acknowledged he had received a similar package in the mail the weeks prior. Cocaine trafficking is dangerous; it fuels addiction and creates violence around the drug trade. This is a serious crime that warrants a significant sentence of incarceration.

A Guidelines sentence is also appropriate considering the defendant's criminal history. This is not the first time the defendant has been in this Court for trafficking cocaine. From 2002 to 2003 the defendant also engaged in cocaine trafficking. He was caught, went to trial and ultimately was sentenced to 97 months' incarceration. Although the defendant completed his incarceration and term of supervised release with limited issues, that prior sentence did not dissuade the defendant from again returning to cocaine trafficking in 2021, ten years after he had been released from prison before.

For these reasons, the Government submits that a sentence of imprisonment within the Guidelines range would be appropriate in this case.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney for the
          Southern District of New York

By:    /s/ Andrew Jones
      Andrew Jones
      Assistant United States Attorney
      (212) 637-2249

Cc:   Samuel Gregory, Esq. (via ECF)